*Related*

DDJ

FILED
CLERK, U.S. DISTRICT COURT

JUN 23 2025

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Central District of California |
|---|---|

| Name (under which you were convicted): ANTHONY CONNERS    EDCV25-1596-AH (bJS) | Docket or Case No.: |
|---|---|

| Place of Confinement: California State Prison - LAC | Prisoner No.: BK1393 |
|---|---|

| Petitioner (include the name under which you were convicted) ANTHONY CONNERS | v. | Respondent (authorized person having custody of petitioner) L. LUNDY, Warden (CSP-LAC) |
|---|---|---|

The Attorney General of the State of: California

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Superior Court, County of Riverside
    4100 Main Street
    Riverside, CA 92501

    (b) Criminal docket or case number (if you know):  RIF1600859

2.  (a) Date of the judgment of conviction (if you know):  6-26-2019

    (b) Date of sentencing:

3.  Length of sentence:  16 yrs.

4.  In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Pen. C. § 245(a)(1) assault, likely to cause GBI, 3yrs doubled
    Pen. C. § 12022.7(a) GBI enhancement, 3yrs
    Pen. C. § 667(a)(1) 5yr prison prior enhancement
    (Former Pen. C. § 667.5(b), two 1yr prison prior enhancement)

6.  (a) What was your plea? (Check one)   Pled "coram non judice."

    N/A   ☐ (1)   Not guilty   N/A   ☐ (3)   Nolo contendere (no contest)
    N/A   ☐ (2)   Guilty   N/A   ☐ (4)   Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?    N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury   ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes   ☐ No

8.   Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:   Court of Appeal, Fourth Appellate District

(b) Docket or case number (if you know):   E073794

(c) Result:   14 yrs; two one-year prison prior enh. drop'd.

(d) Date of result (if you know):

(e) Citation to the case (if you know):   2021 Cal. App. Unpub. LEXIS 2910

(f) Grounds raised:   Senate Bill No. 136 (2019-2020 Reg. Sess.

(g) Did you seek further review by a higher state court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:    **Superior Court, County of Riverside**

(2) Docket or case number (if you know):    **CVR12301555**

(3) Date of filing (if you know):    **March 27, 2023**

(4) Nature of the proceeding:    **Habeas Corpus**

(5) Grounds raised:    **VOID JUDGMENT - THE COURT DID NOT PROCURE JURISDICTION OVER SUBJECT MATTER NOR THE PARTIES, THEREFORE REVERSAL IS AUTOMATIC**

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result:    **Summarily "Denied" in violation of Cal. Rules of Court 4.551(h)(1)**

Page 4 of 16

AO 241 (Rev. 09/17)

(8) Date of result (if you know):   May 26, 2023

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:   Superior Court, County of Riverside

(2) Docket or case number (if you know):   CVRI2301555

(3) Date of filing (if you know):   May 02, 2023 (mailbox rule)

(4) Nature of the proceeding:   Motion To Disqualify Judge M. Mathis

(5) Grounds raised:   California Code of Civil Procedure § 170.6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result:   DENIED. Court played fast and lose - fraud.

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:   Superior Court, County of Riverside

(2) Docket or case number (if you know):   CVRI2301555

(3) Date of filing (if you know):   May 08, 2023 (mailbox rule)

(4) Nature of the proceeding:   Reqt. Declaratory And Injunctive Relief

(5) Grounds raised:   California Code of Civil Procedure § 1060;
CCP § 255. Injunction defined; Who may grant, CCP
§ 3368. Preventive relief, how given; CCP § 3420.
Preventive relief, how given; CCP § 3420. Preventive
relief, how granted; Tide Water Assoc. Oil Co. v. Superior
Court (1955) 43 Cal. 2d 815, 822; People v. Mobile Magic
Sales, Inc. (1979) 96 Cal. App. 3d 1, 13; Comfort v.
Comfort (1941) 17 Cal. 2d 736, 741; People v. Grewal
(2015) 61 Cal. 4th 544, 566; Hess v. Country Club (Cal.
1931) 213 Cal. 613 (Construed with reasonable liberality).

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: Judicial silence, Conspiracy to violate rights

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:   ☑ Yes   ☐ No

(2) Second petition:  ☑ Yes   ☐ No

(3) Third petition:   ☑ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   FED. R. CIV. P. 60(b)(4) AUTHORIZES THE DISTRICT TO GRANT RELIEF FROM VOID JUDGMENTS

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On saturday, February 20, 2016, I, Anthony Conners, was arrested without a warrant in Moreno Valley, a city of Riverside County, California. On Thursday, February 25, 2016, Conners, hereinafter petitioner, appeared in the Superior Court of Riverside County for arraignment. Judge Helios J, Hernandez, Dept. b3, did not inform petitioner of (Continue on p. 6(a).)

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

(Continuation page 6(a))

the nature and cause of the occusation against him, nor did he give petitioner a copy of the complaint. Petitioner proceeding in propria persona pled "coram non judice." David Kao, representing Riverside County District was silent after petitioner pled "coram non judice." (RT: 8) (See Exhibit A of PETITION FOR HABEAS attached hereto.) Furthermore, petitioner had to makes numerous request to be arraigned. (RT: 4:4-5; 6:7-8, 23-25; 7:8-9.) In fact, after petitioner's second request to be arraigned, Judge Hernandez showed strong feelings of displeasure and hostility, saying: "So we're not doing anything. You've got to talk to her [Miss Dickerson, Deputy District Attorney] and then we'll bring it up again." (RT: 6:9-10)

6(a)

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ es    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:  **Ineffective assistance**
**of counsel**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  **Habeas Corpus**

Name and location of the court where the motion or petition was filed:  **Superior Court, County of**
**Riverside, 4100 Main St., Riverside, California 92501**

Docket or case number (if you know):  **CVR12301555**

Date of the court's decision:  **5-26-2023**

Result (attach a copy of the court's opinion or order, if available):  **See**

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  **Court of Appeal, 4th Apellate**
**District, Division 2, 3389 12th St., Riverside, CA 92501**

Docket or case number (if you know):  **E082317**

Date of the court's decision:  **12/4/2023**

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:    Writ of Mandamus

**GROUND TWO:**    THE DOCTRINE OF JUDICIAL ESTOPPEL PRECLUDES A PARTY FROM GAINING ADVANTAG BY TAKING CLEARLY INCONSISTENT POSITIONS

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner Anthony Conners invoked right to self-representation at first court appearance - arraignment. Mr. Conners informed Judge Helios J. Hernandez that he had represented himself in trial in 2007. (See Exhibit B, ABSTRACT OF JUDGMENT, Case No. RIF125117, Pro Per.) But after representing himself for about seven months, revoked right to self representation arbitrarily disguised as Pen. C. § 1368 motion for mental competency examination. Petitioner was not present in court during hearings and neither did he waive (continued)

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:    Ineffective assistance of counsel: cause and prejudice.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Writ of mandamus And Or Prohibition

Name and location of the court where the motion or petition was filed:    4th Appellate District, Division 2, 3389 12th Street, Riverside, CA 92501

Docket or case number (if you know):    E082317

(Ground Two (a) continued)

appearance openly and in writing in court pursuant to Cal. Penal Code § 977(b)(1). Anthony Conners did not have an opportunity to testify, present evidence, subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

Mr. Conners was represented by Riversid Public Defender's Office which conceded to false and conspiratorial reports made by doctors/psychologist that Conners was incompetent to stand trial. Ultimately Conners was tranferred from Riverside County Jail to Patton State Hospital where he was involuntarily injected with mind-altering antipsychotropic medication/drugs. From an inspection of the record, one could clearly see that mental health court was a stratagem or subterfuge to evade right to self-representation. (See Exhibit A, p.5 of PETITION FOR HABEAS CORPUS, Renumbered as Exhibit   .) The stratagem was to torture Conners with mind-altering drugs until he conceded to relinquishing his right to self-representation. The Public Defender's office represented Mr. Conners after he relinquished right to self-representation through preliminary hearing. Mr. Conners right to self-representation was reinstated after preliminary hearing but the order the order for mind-altering drugs continued. (See attached Memorandum of Points And Authorities.)

AO 241 (Rev. 09/17)

Date of the court's decision:    _12/04/2023_

Result (attach a copy of the court's opinion or order, if available):    _See_ _____

_____

(3) Did you receive a hearing on your motion or petition?                      ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?                  ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    _California Supreme Court,_
_350 McAllister Street, San Francisco, CA 94102-4797_

Docket or case number (if you know): _____

Date of the court's decision:    _Remanded to Court of Appeal_

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :    _Petition For Review._
_Request For Declaratory And Injunctive Relief (CCP_
_§§ 1060, 525; Civil Code §§ 3368, 3420_

**GROUND THREE:**    _DEPRIVATION OF RIGHT TO SELF-REPRESENTA-_
_TION REQUIRES AUTOMATIC REVERSAL_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Judge Helios J. Hernandez had a stratagem to escape or_
_evade the lack of jurisdiction which was by arbitrarily filing_
_a Cal. Penal Code § 1368 Inquiry into defendant's mental com-_
_petence motion. He made this stratagem known at my arraign-_
_ment by making desultory questions and statement about_
_(continued)_

Ground Three (a) continued.

"mental problems" and "Patton" State Hospital. (RT: 4, 5)
He even called me a "nut case" repeatedly at my arraign-
ment. (RT: 9; See Demurrer page 5.)

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   Cause and prejudice
by ineffective assistance of counsel on appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Habeas Corpus

Name and location of the court where the motion or petition was filed:   Superior Court,
County of Riverside

Docket or case number (if you know):   CVRI2301555

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   4th Appellate District,
Division 2, 3389 12th Street, Riverside, CA 92501

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):   Summarily denied in
violation of California Rules of Court 4.551 (h)(1).

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three:  Petition For Habeas Corpus
in state court.

## GROUND FOUR:  THE BIRD CAGE: STRUCTURAL RACISM

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I have had three trials in the superior court of Riverside County
and in each of them blacks where purposely excluded from jury duty.
In case number RIF101557 blacks where excluded from the jury pool
and voir dire - they were not subpoenaed. In case number RIF125117
only one black was subpoenaed for jury duty and he served as an
alternate juror. No blacks where selected for voir dire in the
current case at hand - RIF1600859.

(b) If you did not exhaust your state remedies on Ground Four, explain why:  Circumstances exist
that rendered such process ineffective to protect my rights: It
was filed July 05, 2024 in California Supreme Court but retur-
ned

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes     ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:  Appellate Defenders, Inc.
was objectively unreasonable by failing to raise foreseeable
errors. There is a reasonable probability that (continued)

(d) **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

1  (GROUND FOUR (c) continued)
2  raised structural racism on direct appeal I would have
3  prevailed.

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☑ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☑ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☑ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Inadvertence or excusable neglect.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: Petition For Review in California Supreme Court on July 05, 2024, 350 McAllister St., San Francisco 94102-4749.

AO 241 (Rev. 09/17)

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court
having jurisdiction?    ☑ Yes        ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
presenting them: _____

_____

_____

(b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, which
ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
that you challenge in this petition?        ☐ Yes        ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues
raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy
of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
the judgment you are challenging?        ☐ Yes        ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues
raised. _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: __Amanda Sealy, Deputy Public Defender, Riverside County, 4075 Main St., Riverside, CA 92501__

(b) At arraignment and plea: __Pro Per__

(c) At trial: __Pro Per__

(d) At sentencing: __Pro Per__

(e) On appeal: __Shiri Shetty, Appellate Defenders, Inc., 555 Beech St., San Diego, California__

(f) In any post-conviction proceeding: __Joshua Knight, Deputy Public Defender, 4075 Main St., Ste. 100, Riverside, California 92501__

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes    ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

__Federal Rules of Civil Procedure 60(b)(4) Void Judgment, COVID — For reasons out of my control we where on lockdown several times, I caught COVID twice. For cause and prejudice — counsel on appeal was objectively unreasonable by failing to raise grounds__

1, 2, 3, and 4 on direct appeal. And there is a reasonable probability that, but for counsel's errors, I would have prevailed on appeal. See United States v. Dunham, 767 F.2d 1395, 1397, 1985 U.S. App. LEXIS 21708, HN1 Exceptions to Default, Cause & Prejudice Standard; and United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 1596 (1982). A failure to review my claim would result in a "fundamental miscarriage of justice." Plain error has been committed that affects the fairness, integrity, impartiality of the judiciary, and the public confidence in the judiciary.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: The relief sought in this petition by reveral of conviction.

or any other relief to which petitioner may be entitled.



Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on June 15, 2025 (month, date, year).

Executed (signed) on June 13, 2025 (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

# VERIFICATION

I _Anthony Conners_ , am the person who is

filing the _2⑧ U.S.C. § 2254_ . I certify and declare that I have read the

foregoing, that I know its contents, and that I am informed and believe the matters stated

within, are true.

I declare, under penalty of perjury and the laws of the State of California, that the

foregoing is true and correct.

Executed this _13th_ day of _June_ , 20 _25_ , at

_California State Prison,_ _Lancaster_ , California.

(Your signature)

## PROOF OF SERVICE BY MAIL

(CCP §§1013(a), 2015.5; 28 U.S.C. §1746)

I, **Anthony Conners**, hereby declare that I am over the age of 18, I am the

petitioner in the above-entitled cause of action, and my legal mailing address CSP-LAC **MSF-**

**MI·S9** P. O. Box 4730, Lancaster, CA 93539

On **June 15, 2023**, I delegated to prison officials the task of mailing, via

the institution's internal mail system (Houston v. Lack, 487 U.S. 266 [101 L. Ed. 2d 245; 108 S.

Ct. 2379] (1988)), the below entitled legal document(s):

**28 U.S.C. § 2254 Writ of Habeas Corpus;**

**MEMORANDUM OF POINTS AND AUTHORITIES**

by placing said documents in a properly addressed and sealed envelope, with postage fully

prepaid, in the United States Mail, deposited in the manner provided by CSP-LAC, and

addressed as follows:

**United States District Court**
**Central District of California**
**255 E. Temple Street**
**Los Angeles, CA 90012**

**Department of Justice**
**Office of the Attorney General**
**300 South Spring St. #1700**
**Los Angeles, CA 90013**

I further declare under penalty of perjury that the foregoing is true and correct to the best

of my knowledge. Executed this **15th** day of **June**, 20**25** at the California State

Prison – Los Angeles County.

Anthony Conners
BK1393, MSF M1-59
California State Prison
P.O. Box 4730
Lancaster, California 93539







Legal Mail

United States District Court
Central District of California
255 East Temple Street
Los Angeles, California 90012

OR



Anthony Conners
BK1393, MSF M1-59
California State Prison
P.O. Box 4730
Lancaster, California 93539



New

United States District Court
Central District of California
255 East Temple Street
Los Angeles, California 90012

Legal Mail

CONFIDENTIAL LEGAL MAIL
CALIFORNIA STATE PRISON LOS ANGELES COUNTY
STAFF NAME  M. Cochran
BADGE NUMBER  81450
DATE SIGNED  6/15/25
STAFF SIGNATURE

Anthony Conners
BK1393, MSF MI-59
California State Prison
P.O. Box 4730
Lancaster, CA 93539





New

Legal Mail

United States District Court
Central District of California
255 East Temple Street
Los Angeles, CA 90012

CONFIDENTIAL/LEGAL MAIL
CALIFORNIA STATE PRISON - LOS ANGELES COUNTY
STAFF NAME
BADGE NUMBER
DATE SIGNED
STAFF SIGNATURE